UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | ) | CASE NO.: | 1:20-cv-394-RLY-MPB |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| WAYNE EVERLING, NIKI EVERLING, and | ) | | |
| JAROD REBUCK, | ) | | |
| Defendants. | ) | | |

**DEFENDANT, JAROD REBUCK'S ANSWER TO MOTORISTS MUTUAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant, Jarod Rebuck, by counsel, for his Answer to the Plaintiff's Complaint for Declaratory Judgment states:

1. Plaintiff, Motorists, is a mutual insurance company and a citizen of the State of Ohio, being a corporation organized and existing under the laws of the State of Ohio and having its principal place of business in Columbus, Ohio. Mutual companies are incorporated under Ohio law.

**RESPONSE:**

Defendant Admits the Allegations in Paragraph 1.

2. Defendants Wayne Everling, Niki Everling, and Jarod Rebuck are residents and citizens of the State of Indiana.

**RESPONSE:**

Defendants Admit the Allegations in Paragraph 2 as to Jared Rebuck but is without sufficient information to admit or deny the Allegations in Paragraph 2 as they relate to the Everling Defendants, and therefore deny the same.

3. The amount in controversy between Motorists and the Defendants exceeds $75,000.00, exclusive of costs and interests.

**RESPONSE:**

Defendant admits the Allegations in Paragraph 3.

4. This Court has original jurisdiction over this matter under 28 U.S.C. §1332.

**RESPONSE:**

Defendant Admits the Allegations in Paragraph 4.

5. On or about January 23, 2017, Defendant, Wayne Everling, and his employer, Hittle Landscaping, Inc. ("Hittle") entered in an agreement for Everling to purchase a 1996 Chevy truck ("Truck") from Hittle. Pursuant to the purchase agreement, Everling was to pay Hittle monthly payments beginning February 23, 2017 and concluding on January 23, 2018. Hittle gave possession of the vehicle to Everling on or about January 234, 2017.

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 5, and therefore deny the same.

6. On February 8, 2017, while Everling was operating the Truck in Tipton County, Indiana, he collided with a vehicle operated by Defendant, Jarod Rebuck ("the Accident"). As a result of the Accident, Everling, his wife, Defendant, Niki Everling, who was a passenger in the Truck, and Jarod Rebuck all suffered bodily injuries.

**RESPONSE:**

Defendant admits the Allegations in Paragraph 6.

7. At the time of the Accident, Wayne Everling was not operating the Truck in the course and scope of his employment for Hittle.

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 7, and therefore deny the same.

8. On June 13, 2017, Rebuck filed a lawsuit against Everling and Hittle in the Madison Circuit Court under Cause No. 48C06-1706-CT-000074 ("the Underlying Lawsuit"). A copy of the Complaint in the Underlying Lawsuit is attached hereto as Exhibit A.

**RESPONSE:**

Defendant admits the Allegations in Paragraph 8.

9. On February 8, 2017, the Plaintiff, Motorists, had in effect a Business Auto policy which it had issued to Hittle, Policy No. 33.303631-90E ("the Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit B.

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 9, and therefore denies the same.

10. The Policy provides liability coverage with limits of One Million Dollars ($1,000,000) per accident. It also provides uninsured/underinsured motorists ("UM/UIM") coverage with limits of One Million Dollars ($1,000,000) per accident.

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 10, and therefore denies the same.

11. For the purposes of the liability coverage, a "covered auto" is defined as "any auto." For the purposes of the UM/UIM coverage, a covered auto is defined as only "those "autos" you own . . . this includes those "autos" you acquire ownership of after the policy begins."

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 11, and therefore denies the same.

12. Under the terms of the liability coverage, Motorists agrees that:

> ...we [Motorists] will pay all sums an "insured" legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a "covered auto."

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 12, and therefore denies the same.

13. The Policy defines an insured under the liability coverage, in pertinent part, as follows:

> WHO IS INSURED
>
> The following are "insureds":
>
> a. You for any covered "auto"
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except: (1) The owner or anyone else from whom you hire or borrow a covered "auto". (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 13, and therefore denies the same.

14. Pursuant to the UM/UIM coverage, Motorists agrees that:

> We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle" or an "underinsured motor vehicle." The damages must result from … "bodily injury" sustained by the "insured" and caused by an "accident" with an "uninsured motor vehicle" or an "underinsured motor vehicle"…

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 14, and therefore denies the same.

15. Under the UM/UIM coverage, an insured is defined, in pertinent part, as:

> "…anyone "occupying" a covered auto or a temporary substitute for a covered auto.

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 15, and therefore denies the same.

16. The Policy does not provide liability coverage for any claims asserted against Wayne Everling arising out of the Accident. The Truck he was operating was owned by Wayne Everling at the time of the Accident. Wayne Everling thus does not qualify as an "insured" under the liability coverage of the Policy.

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 16, and therefore denies the same.

17. No UM/UIM coverage is afforded under the Policy for any injuries suffered by Wayne Everling and/or Niki Everling arising out of the Accident because the Truck which they were occupying at the time of the Accident was not a "covered auto" under the UM/UIM coverage of the Policy. The Truck Wayne Everling was operating was owned by Wayne Everling at the time of the Accident. Wayne Everling and Niki Everling thus do not qualify as an "insured" under the UM/UIM coverage of the Policy.

**RESPONSE:**

Defendant is without sufficient information to admit or deny the Allegations in Paragraph 17, and therefore denies the same.

WHEREFORE, Defendant, Jarod Rebuck, by counsel, respectfully requests the Plaintiff take nothing by way of its action and for all other proper relief.

Respectfully submitted,

**GOLITKO & DALY, PC**

*/S/ John P. Daly, Jr., Esq.*
John P. Daly, Jr., Esq. #11534-49
**GOLITKO & DALY, P.C.**
9450 N. Meridian Street, Ste. 250
Indianapolis, IN 46260
T: (317) 566-9600
F: (317) 566-9606
john@golitkodaly.com
*Co-Counsel for Defendant, Jarod Rebuck*

# CERTIFICATE OF SERVICE

I certify that the foregoing Answer to Complaint for Declaratory Judgment has been electronically filed using the United States District Court's CM/ECF system on this 4th day of June, 2020.

Ginny L. Peterson, #20305-41
**KIGHTLINGER & GRAY, LLP**
211 N. Pennsylvania St.
One Indiana Square, Ste. 300
Indianapolis, IN  46204
T:  (317) 638-4521
F:  (317) 636-5917
gpeterson@k-glaw.com
*Attorney for Plaintiff, Motorists Mutual Insurance Co.*

Richard B. Walker, Esq. #1102-48
Wesley A. Garrett, Esq. #32599-49
Lisa DeLey, Esq. #20087-48
**HOWARD, DELEY, & GARRETT**
403 West 8th Street, Ste. 1
Anderson, IN  46016
T:  (765) 640-2600
F:  (765) 643-3700
rwalker@403lawyers.com
wgarrett@403lawyers.com
Lisa.deley@403lawyers.com
*Co-Counsel for Defendant, Jarod Rebuck*

*/S/ John P. Daly, Jr., Esq.*
John P. Daly, Jr., Esq. #11534-49

**GOLITKO & DALY, PC**
9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
317.566.9600 Telephone
317.566.9606 Facsimile
john@golitkodaly.com
*Co-Counsel for Defendant, Jarod Rebuck*